## DEVLIN *v.* BOYD *et al.*

*(Supreme Court, General Term, First Department.*　October 16, 1891.)

JUDGMENT—EQUITABLE RELIEF—EVIDENCE.
　　It is error to restrain further proceedings on a judgment on the ground of fraud in obtaining it when the only evidence for the party seeking such relief is that she is ignorant in regard to the creation of the debt on which the judgment was rendered, because it was contracted by her agent, who is now dead.

Appeal from special term, New York county.

Action by Margaret Devlin against Robert Boyd and Thomas C. T. Crain to set aside as fraudulent a judgment recovered against her by Boyd, to restrain defendants from further proceedings on such judgment, and to restrain Crain, into whose hands, as chamberlain of the city of New York, the money paid by plaintiff on such judgment had come, from paying it over to Boyd, as he threatened to do. From an order continuing a preliminary injunction defendant Boyd appeals.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Kohn & Ruck,* (*August Kohn,* of counsel,) for appellant.　*Geo. P. Gordel,* for respondent.

PER CURIAM. This action was brought to set aside a judgment entered in the city court, upon the ground that it was fraudulently obtained. Neither

the complaint nor the affidavits accompanying the same, upon which it is sought to maintain this injunction, disclose any state of facts that would justify a finding of fraud. All that can be deduced from the affidavits is that the plaintiff is ignorant in respect to the creation of the debt upon which the judgment was obtained, because such debt was created by her agent, who is now dead. The plaintiff further fails in any way to connect the notes mentioned in the affidavits with the cause of action upon which the judgment was obtained in the city court. We think that the evidence before the court was insufficient to justify the continuance of the injunction, the statements of the plaintiff being unsupported by any proof. The order should be reversed, and the preliminary injunction dissolved, with $10 costs and disbursements.